# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

AMBER ROSSMAN,

        Plaintiff,

    v.                                  Case No. 16-C-493

A.R.M. CORPORATION, et al.,

        Defendants.

---

**DECISION AND ORDER**

---

Defendant A.R.M. Corporation has filed a motion to dismiss or stay pending arbitration. Defendant Tina Moser filed a motion to dismiss on the merits, arguing that she is not an "employer" under the FLSA or Wisconsin law. For the reasons that follow, the motion of A.R.M. Corporation will be granted and the motion filed by Tina Moser will be held in abeyance.

The complaint brings a putative class action on behalf of all nurses and other home care workers employed by A.R.M. Corporation, which does business as Comfort Keepers, a national franchise. Also doing business as Comfort Keepers is Defendant SDX Home Care Operations LLC, which has filed an answer but not a motion to dismiss. The complaint also names Tina Moser, the owner of Defendant A.R.M. Corporation, as a defendant. According to the complaint, workers typically visit two or more patients' homes during a workday. The complaint alleges that the Defendants failed to compensate workers for the time they spent traveling between different locations during the day. This, Plaintiff argues, violates the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., as well as state law.

A.R.M. Corporation moved to dismiss, citing an agreement to arbitrate. On January 17, 2014, the Plaintiff signed a Comfort Keepers' agreement in which she agreed

> to submit any such dispute arising out of your employment . . . exclusively to binding arbitration under [sic] Federal Arbitration Act, 9 U.S.C. Section 1. This arbitration shall be the exclusive means of resolving any dispute arising out of your employment . . . and you waive all rights to civil court action regarding your employment.

(ECF No. 13 at 3-5.)

Section 2 of the Federal Arbitration Act states that "an agreement in writing to submit to arbitration an existing controversy ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. To the extent that an agreement satisfies the imperatives of section 2, the FAA empowers an inquiring court to stay a judicial proceeding filed by a resisting party. *Id.* § 3. Should the resisting party remain opposed to arbitration, the court may compel arbitration. *Id.* § 4.[1]

## I. Motion of Defendant A.R.M. Corp.

The Plaintiff does not dispute that the arbitration clause is clear on its face, nor does she deny that the dispute at hand falls within the clause's scope. Instead, she argues the clause is unenforceable because it prevents her and others similarly situated from enforcing important statutory rights. She also argues it is unenforceable under state law. The federal conflict arises out of the fact that the FLSA contains a two-year statute of limitations: Section 255(a) provides that any action "may be commenced within two years after the cause of action accrued, and every such action

---

[1]The proper course in such a case is not to dismiss the action but to stay it and compel arbitration. "[R]ather than dismiss the present suit the district judge should have stayed it to await the outcome of arbitration in order to spare the parties the burden of a second litigation should the arbitrators fail to resolve the entire controversy." *Tice v. Am. Airlines, Inc.,* 288 F.3d 313, 318 (7th Cir. 2002).

shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). This two (or three) year limitations period stands in contrast with the Defendants' arbitration policy, which requires a written request for arbitration within one year of the incident in question. (ECF No. 13 at 3.) The Plaintiff argues that the FLSA's limitations period is part of the bundle of substantive rights Congress has bestowed— it dictates the amount of damages she may receive in a case like this—and so any conflict between the statutory limitations period and the arbitration clause must result in the clause being unenforceable.

At the outset, I note that the question of whether the matter is arbitrable is generally one for the court, rather than an arbitrator. "[A]n allegation by a party to an arbitration agreement that some of the terms in an arbitration agreement conflict with a statutory right that is not waivable by contract" is a question of arbitrability. *Anderson v. Comcast Corp.*, 500 F.3d 66, 71 (1st Cir. 2007). "If that claim withstands analysis, the court will have to decide whether the conflict precludes enforcement of the arbitration agreement." The parties assume that this is the case here. However, for that to be true, the court must answer the question of *whether* there is a conflict in the affirmative. It is not merely the *possibility* of some conflict—say, between a one-year and two-year statute of limitations—there must be an actual conflict that necessarily arises from the facts alleged in the complaint. If instead the conflict would only arise if an arbitrator made certain factual findings, the question becomes the province of the arbitrator. *Id.* at 74 (holding that "a possible conflict between the agreement's limitations period and the statute of limitations posed no question of arbitrability where the plaintiff alleged an ongoing injury because '(1) whether Plaintiffs in fact suffer from an ongoing injury ...; and (2) whether such injury ... tolls the statute of limitations ...

3

would require an examination of the 'merits of the case,' i.e., the facts, the province of the arbitrator.'" (citation omitted).

Here, the existence of an actual conflict does not depend on the merits of the action or on an arbitrator's factual findings. According to the complaint, the Defendants failed to pay required overtime and other wages for a period of several years—well beyond the one-year period set forth in the arbitration agreement. Therefore, an actual conflict exists because the complaint seeks damages beyond the one-year period in the arbitration clause. "Anderson alleges that he returned his cable box to Comcast in 2002 but did not file suit until 2005. Anderson's complaint can only be read as an acknowledgment that he did not comply with the arbitration agreement's one-year notice of claim provision." *Id.* at 75. The same holds true here. Because the complaint alleges injury beyond the one-year limitations period contained within the arbitration clause, there is an actual conflict and therefore the question of arbitrability is one for the court.

Normally, the next question would be whether the FLSA's statute of limitations is waivable. *Chasteen v. Rock Fin.,* No. 07-CV-10558, 2012 WL 8705090, at *5 (E.D. Mich. Jan. 31, 2012); *Pruiett v. W. End Restaurants, LLC,* No. CIV. 3:11-00747, 2011 WL 5520969, at *5 (M.D. Tenn. Nov. 14, 2011). However, the Defendant appears to concede that it is not. Instead, it argues that the one-year limitation contained in the arbitration agreement may be severed. In other words, the offending clause may be excised and the case may be sent to arbitration with the understanding that the Plaintiff will be allowed to recover based on whatever limitations period is available under FLSA, rather than the shorter period dictated by the arbitration agreement.

Courts have severed limitations periods when the arbitration agreements themselves contained severability clauses. *Kristian v. Comcast Corp.,* 446 F.3d 25, 62 (1st Cir. 2006).

4

"[W]hen the arbitration agreement at issue includes a severability provision, courts should not lightly conclude that a particular provision of an arbitration agreement taints the entire agreement." *Morrison v. Circuit City Stores, Inc.,* 317 F.3d 646, 674 (6th Cir. 2003). Here, however, the agreement contains no savings clause, as the sur-reply points out. Although the agreement does not contain a severability provision, there seems little reason not to sever the offending clause and allow the parties to proceed to arbitration, as they clearly intended. First, I note that courts are to resolve disputes about arbitrability in favor of arbitration. *Century Indem. Co. v. Certain Underwriters at Lloyd's, London,* 584 F.3d 513, 522 (3d Cir. 2009) ("Congress designed the FAA to overrule the judiciary's longstanding reluctance to enforce agreements to arbitrate and its refusal to put such agreements on the same footing as other contracts, and in the FAA expressed a strong federal policy in favor of resolving disputes through arbitration.") Thus, if there is a reasonable way to send the case to arbitration, a court should normally do so. Second, although the one-year period provided by contract is "substantive" in some sense—it impacts the damages available to the Plaintiff— the time period in which one may bring a claim it is not fundamental to the agreement's purpose, which was to ensure that the dispute is arbitrated rather than litigated. Courts have found that severance is proper under these circumstances, wholly apart from whether the agreement contains a severability clause. *Gannon v. Circuit City Stores, Inc.*, 262 F.3d 677, 680 (8th Cir. 2001) (finding the offending clause would be severable "[e]ven if the parties had not recorded their intentions in the severability provision.")[2]; *Herrera v. Katz Commc'ns, Inc.,* 532 F. Supp. 2d 644, 647 (S.D.N.Y.

---

[2]Wisconsin law would also appear to favor severability under these conditions. "A bargain that is illegal only because of a promise or a provision for a condition, disregard of which will not defeat the primary purpose of the bargain, can be enforced with the omission of the illegal portion by a party to the bargain who is not guilty of serious moral turpitude unless this result is prohibited by statute." *Simenstad v. Hagen,* 22 Wis. 2d 653, 661, 126 N.W.2d 529, 534 (1964) (quoting

5

2008) (if a clause in an arbitration agreement is invalid, "the proper remedy would be to sever the invalid provision of the arbitration clause and compel arbitration of the underlying dispute, rather than to invalidate the entire arbitration clause as plaintiff urges."); This is because a failure to do so would "thwart the very essence of the arbitral agreement the parties have reached." *Id. See also Bynum v. Maplebear Inc.,* No. 15-CV-6263, 2016 WL 5373643, at *12 (E.D.N.Y. Sept. 19, 2016) (severing offending clauses in FLSA case pursuant to parties' later stipulation); *Porter v. MC Equities, LLC,* No. 1:12 CV 1186, 2012 WL 3778973, at *11 (N.D. Ohio Aug. 30, 2012) (severing fee clause despite absence of severability clause). *Cf. Coronado v. D.N. W. Houston, Inc.,* No. CIV.A. H-13-2179, 2015 WL 5781375, at *11 (S.D. Tex. Sept. 30, 2015) (refusing to sever fee-shifting provisions contained in arbitration agreement). As the Eighth Circuit put it:

> By signing the arbitration contract, Gannon demonstrated her intent to resolve any employment disputes with Circuit City through binding arbitration. *See Mitsubishi Motors Corp.,* 473 U.S. at 626, 105 S.Ct. 3346 ("Thus, as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability."). We do not believe that the severance of the provision limiting punitive damages diminishes her contractual intent to arbitrate because excluding the provision only allows her the opportunity to arbitrate her claims under more favorable terms than those to which she agreed.

*Gannon,* 262 F.3d at 682-83.

In other words, severing the one-year limitations provision and sending the case to arbitration actually gives the Plaintiff more than she bargained for. The Plaintiff relies on *Graham Oil Co. v. Arco Prods. Co.,* 43 F.3d 1244, 1249 (9th Cir.1995), in which the Ninth Circuit struck the entire arbitration clause rather than simply the offensive provisions because "the offensive provisions clearly represent an attempt by [defendant] to achieve through arbitration what Congress

---

Restatement (2d) Contacts § 603).

6

has expressly forbidden." Over a dissent, the majority concluded that several clauses in the arbitration agreement conflicted with statutory rights provided by the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801–2806. Accordingly, "the offending parts of the arbitration clause do not merely involve a single, isolated provision; the arbitration clause in this case is a highly integrated unit containing three different illegal provisions." *Id.* at 1248. Even if *Graham* applied here, it is eminently distinguishable. Unlike *Graham*, in this case we merely have a conflict over the statute of limitations, or what the *Graham* court would describe as a "single, isolated provision." *Id.* Apart from that single clause, the arbitration agreement would not impair any statutory rights bestowed by the FLSA. As such, in contrast to the agreement in *Graham*, the offending clause could easily be severed, with the Plaintiff allowed to pursue her claims and receive any damages she is due in an arbitral forum rather than a judicial one. In fact, as the Eighth Circuit has noted, severing the clause will actually give the Plaintiff more rights than she initially bargained for.

The Plaintiff also argues that the agreement offends Wisconsin law because it is unconscionable. Yet in support of this argument the Plaintiff recites nothing more than the common and unsurprising fact that as an employee she was in a weakened bargaining position compared to her employer. If that were enough to throw out an arbitration agreement, the FAA would have no teeth because employees are almost always in weakened bargaining positions when compared to their employers. The fact that they are not represented by counsel or do not have the economic position to negotiate their employment agreements does not, in and of itself, render such agreements unconscionable. That said, the Defendant has agreed that the limitations period may be excised from the arbitration agreement to allow the Plaintiff to pursue any claims under Wisconsin wage

7

laws that might stretch back more than one year. As noted above (footnote 1), Wisconsin law would sanction such an approach.

In sum, this case is subject to the arbitration agreement the Plaintiff signed, except that the one-year limitations provision will be severed and will not serve as a bar to Plaintiff's recovery of amounts to which she would otherwise be entitled under state and federal law.

## II. Motion of Tina Moser

As noted at the outset, the complaint also brings an FLSA claim against Tina Moser, the owner of A.R.M. Corporation. Moser has not moved to dismiss on the basis of the arbitration clause. Instead, she moved to dismiss because she is not an "employer" as that term is defined in the FLSA. The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203. Moser argues that the fact that she owns A.R.M. Corporation does not mean she was acting in the interest of the employer in relation to an employee. In response to the motion to dismiss, the Plaintiff filed an amended complaint, which she believes cures any defects contained within the original. In particular, she now alleges that Moser oversaw the day-to-day operations of A.R.M. Corporation and that she had control over human resources, including compensation arrangements with employees. (ECF No. 15 at ¶¶ 7-9.) Moser did not file a reply brief addressing the amended complaint.

Moser's motion will be held in abeyance. Given this court's ruling on the arbitration clause with respect to A.R.M. Corporation, one would expect Moser might seek to arbitrate any dispute, including the question of whether she is an "employer" under state and federal law. She has not done so, instead preferring a dismissal on the merits. If this court were to make a ruling on the merits, however, she could face the prospect of having waived her right to have the dispute

8

arbitrated. Accordingly, I will invite Moser to indicate whether she wishes to have the case against her stayed pending arbitration. If she does, the Plaintiff may file a response.

## III. Conclusion

For the reasons given above, the motion to dismiss or stay filed by A.R.M. Corporation is **GRANTED**, and the case will be **STAYED** pending arbitration. The fourth paragraph of the arbitration agreement (ECF No. 13 at 3) is not enforceable and shall be severed. If the Plaintiff wishes to pursue this action, she must do so in accordance with the arbitration agreement, as modified herein. The motion to file a sur-reply is **GRANTED**. Defendant Moser shall indicate whether she wishes to invoke the arbitration clause on or before December 15, 2016. The Plaintiff may file a brief response within fourteen days. The clerk will set a scheduling conference to address the remainder of this action.

**SO ORDERED** this 29th day of November, 2016.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

9