# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

**AMBER ROSSMAN,**
**on behalf of herself and all**
**others similarly situated,**
                    **Plaintiff,**

        **v.**                                    **CASE NO. 16-CV-00493-WCG**

**A.R.M. CORPORATION d/b/a**
**COMFORT KEEPERS, et al.**
                    **Defendants.**

---

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

---

### INTRODUCTION

The Parties have filed a Joint Motion for Preliminary Approval of Class and Collective Action Settlement reached between Plaintiff and Defendant SDX Home Care Operations, LLC d/b/a Comfort Keepers ("SDX"). The Settlement Agreement and Release (ECF Nos. 79-1-5) provides for a total settlement of $493,984.81. The settlement is fair and reasonable, as it fully and adequately satisfies this Court's criteria for such settlements. As such, the Parties respectfully request that the Court preliminarily approve the Settlement Agreement and Release, approve the Parties' Joint Stipulation for Class Certification Pursuant to FED. R. CIV. P. 23 (ECF NO. 70), approve Plaintiff Amber Rossman ("Plaintiff") as representative for the classes, and approve the mailing of the Notice of Class Action Settlement (ECF No. 79-3).

## STATEMENT OF FACTS

### I.  PROCEDURAL HISTORY

Plaintiff filed her Class and Collective Action Complaint against Defendants A.R.M. Corporation d/b/a Comfort Keepers, SDX Home Care Operations LLC d/b/a Comfort Keepers, and Tina S. Moser (collectively "Defendants") on April 21, 2016. (ECF No. 1). In her Complaint, Plaintiff alleges that, as a result of Defendants' pay practices, Defendants had failed to pay her and other members of the Rule 23 Class and the Collective Class (collectively "Class Member(s)") minimum, overtime, and agreed upon wages for all hours worked. (ECF No. 1) Specifically, Plaintiff alleged Defendants' pay practices failed to compensate her, and the Class Members, for travel time between client locations. (ECF No. 1.) Defendants denied the allegations. (ECF Nos. 19, 27.)

On May 17, 2016, Defendant A.R.M. Corporation filed a Notice of Motion and Motion to Dismiss or Stay the Proceedings and Compel Arbitration. (ECF. No. 11.) The Court granted Defendant A.R.M. Corporation's motion compelling arbitration as to Defendant A.R.M. Corporation and staying the matter as to A.R.M. Corporation. (ECF No. 29.) Defendant Tina S. Moser then filed a Supplemental Motion to Stay Proceedings and to Compel Arbitration. (ECF. No. 32.) Plaintiff did not oppose the entry of an order staying the matter as to Tina S. Moser, pending arbitration of those claims (ECF No. 34) and the Court so ordered. (ECF No. 35.) The only claims that were not compelled to arbitration by this Court were those against SDX Home Care Operations LLC d/b/a Comfort Keepers ("SDX").

2

The Parties informed the Court on February 10, 2017 that their intent was to engage in settlement negotiations and requested the Court allow them time to engage in settlement negotiations. (ECF No. 36.) On April 13, 2017, the Parties stipulated to conditional certification pursuant to 29 U.S.C. § 216(b) as part of their settlement discussions. (ECF No. 37.) At the end of the notice period, 157 individuals opted in to the case by timely returning valid consent forms. (ECF Nos. 39-72.) Since the filing of the Complaint and during the notice period, the Parties exchanged substantial class-wide payroll data. (Johnson Decl. ECF No. 81, ¶ 2.) Over the course of five months, the Parties engaged in contested settlement discussions at arms-length, resulting in an agreement to settle the matter on a class-wide basis and a fair and just resolution of all claims. (Johnson Decl. ECF No. 81, ¶ 3.) After notifying the Court that the Parties reached a settlement (ECF No. 76), the Parties negotiated with regard to the terms of the Settlement Agreement and Release, the language in the Notice of Class Action Settlement, and other documents. (Johnson Decl. ECF No. 81, ¶ 4.) The Parties agreed to and filed their Joint Stipulation for Class Certification Pursuant to FED. R. CIV. P. 23. (ECF NO. 71.) For settlement purposes only, the Parties stipulated to certifying the following class:

> **The Rule 23 Class**. All Home Care Workers, Personal Care Workers, Registered Nurses, and/or Certified Nursing Assistants employed by SDX between March 18, 2015 and February 17, 2017 in Wisconsin, and whose names appear on Exhibit A to the Settlement Agreement.

(Johnson Decl. ECF No. 81, ¶ 5.)

## II.    SETTLEMENT BACKGROUND

3

Following investigation of the claims in the Complaint, the exchange of substantial payroll data, the Parties agreed to attempt to resolve this case through negotiations amongst themselves. (Johnson Decl. ECF No. 81, ¶ 6.) Plaintiff's Counsel, after receiving class-wide payroll data from SDX, built a detailed damages model analyzing the amount of time Plaintiff and the Class Members had, including travel time, between client visits. (Johnson Decl. ECF No. 81, ¶ 7.) Using each Class Member's average hourly rate, the damage model calculated the amount of unpaid wages for time worked between client locations. (Johnson Decl. ECF No. 81, ¶ 8.) Plaintiff's Counsel delivered the damages model to SDX's Counsel and the Parties continued negotiations. (Johnson Decl. ECF No. 81, ¶ 9.)

The Parties negotiated with regard to the merits of Plaintiff's claims, specifically what amount of time spent between client locations was compensable, manipulating the damages model based on this assumptions. (Johnson Decl. ECF No. 81, ¶ 10.) All negotiations were held at arm's length. (Johnson Decl. ECF No. 81, ¶ 11.) At the end of those negotiation, the Parties reached an agreement to settle the case for $493,984.81. (Johnson Decl. ECF No. 81, ¶ 12.) The Parties then worked collaboratively to memorialize the settlement terms in the Settlement Agreement and Release. (Johnson Decl. ECF No. 81, ¶ 12; ECF No. 79-1.) The terms of the settlement, stated briefly, are as follows:

– There is a $493,984.81 Settlement Fund to be divided into a $248,692.80 Rule 23 Settlement Fund, a $9,100.08 FLSA Settlement Fund, and a

$48,050.00 Minimum Wisconsin Recovery Fund, after attorneys' fees, costs, and an enhancement payment.

– For settlement purposes only, the Parties agree to stipulate to FED.R.CIV.P. 23 class certification of the Rule 23 Class; said stipulation has been filed herewith. (ECF No. 70.)

– To recover under the FLSA Collective Class, a Class Member must have timely and validly completed and returned a Consent Form during the notice period. If a Class Member has a claim under the FLSA collective class and has timely and validly completed and returned the Consent Form, such Class Member will receive his or her *pro rata* portion of the FLSA Settlement Fund in an amount set forth for such individual in Exhibit A to the Settlement Agreement.

– If a Class Member does not exclude himself/herself from the settlement in compliance with the opt-out and exclusion procedures set forth in the Settlement Agreement and Release, he or she will be entitled to at least his or her *pro rata* portion of the Rule 23 Settlement Fund in an amount set forth for such individual in Exhibit A to the Settlement Agreement.

– Any settlement amounts allocated to individuals that are not claimed (due to individuals excluding themselves from the settlement, due to settlement payments being returned as undeliverable after Plaintiff's counsel has exhausted all mechanisms for finding the individual and so advised SDX, or due to individuals failing to cash their settlement

5

payment checks timely), will be paid by a cy pres to The Employee Rights Advocacy Institute for Law & Policy, 2201 Broadway, Suite 420, Oakland, CA 94612.

–  Plaintiff will receive an enhancement payment of $10,000.

–  A $10,000 contingency and ongoing cost fund will be reserved to address any issues which arise in the administration of the settlement and/or pay for additional costs which may arise in administering the settlement. Any remaining amount will be re allocated to the Class Members on a pro rata basis immediately after the Fairness Hearing.

–  Counsel will petition for attorneys' fees of $164,661.60 and $3,480.32 for costs.

This settlement is fair and was reached at arm's length and in recognition of the risks faced by all Parties. (Johnson Decl. ECF No. 81, ¶ 13.) The settlement is structured to maximize payment to participating Class Members as there is no claims process to participate in the Rule 23 Class portion of the settlement. The Class Notice proposed by the Parties adequately informs the Class Members of their right to participate in the settlement, to exclude themselves from the settlement, and to object to the settlement, as well as the legal implications of each of these actions. (ECF No. 79-3.) Because the settlement is fair and was reached by the Parties at arm's length, the Parties jointly request that the Court grant preliminary approval of the settlement and allow Plaintiff's counsel to mail the Class Notice

6

attached as Exhibit B to the Parties' Settlement Agreement and Release. (ECF No. 79-3.)

## ARGUMENT

### I.  Preliminary approval of settlement is appropriate.

#### A.  The criteria for preliminary approval have been satisfied.

Resolution of class action litigation by settlement is favored by the federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). A FLSA settlement requires court approval in order to be valid and enforceable. *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986). Employees can bargain, waive, or modify their right to recovery under the FLSA only if the parties agree to the terms of the settlement and the court approves the settlement as a fair and reasonable resolution of the bona fide dispute over alleged violations of the FLSA provisions, and the settlement is entered as a stipulated judgment. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Similarly, the settlement of a Fed. R. Civ. P. 23(b)(3) class action may be approved only if: (1) the individual Class Members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. *ID.* .

In reviewing the proposed Settlement Agreement and Release, courts "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the Class Members. *United Founders Life Ins. Co. v. Consumers Nat'l Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations

7

omitted). Other factors the courts are to consider are the complexity, expense, and likely duration of the litigation; reaction of the class to the settlement; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability; the risks of establishing damages; the ability of the defendants to withstand greater judgment; and the range of reasonableness of the settlement funds to a possible recovery in light of all the attendant risks of litigation. *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

Preliminary approval of a class action settlement allows putative class members to receive notice of the proposed settlement terms and the date and time for the fairness hearing at which putative Class Members may be heard and further evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement agreement may be presented. *See* Manual for Complex Litigation at §§ 13.14, 21.632.

### 1. The proposed settlement is fair, reasonable, and adequate.

The Settlement Agreement and Release terms outlined above are fair and reasonable for the Parties. Real disputes exist between the Parties as to whether liability exists in this case and, if liability were proven, the extent of the damages and under which law those damages extend. Specifically, the Parties disagree on:

- Whether the travel time between client locations is compensable;

- If compensable, what length of time between client locations is compensable; and

- Whether SDX's actions were unjust and dilatory, allowing for civil penalties.

8

Further, the settlement provides all participating Class Members a substantial benefit in light of the risk of no recovery in this case. The average claim for a Rule 23 Class Member is $328.66. (Johnson Decl. ECF No. 81, ¶ 14.) Beyond this substantive recovery, the settlement is structured to maximize payment to participating Class Members by automatically issuing payments for Class Members who do not exclude themselves from the Rule 23 Class because these payments are made without any requirement to file a claim. (Johnson Decl. ECF No. 81, ¶ 15; ECF No. 79-2.) In other words, this is not a claims made process. The full Settlement Fund will be distributed without reversion to SDX.

## 2. The settlement was reached through extensive arms' length negotiations.

The Parties have divergent views regarding the Plaintiff's assertions in her Complaint, but were able to work towards a compromise in this matter and did so at arms' length. (Johnson Decl. ECF No. 81, ¶ 16.) Moreover, the compromise was reached only after exchanging a thorough damages model, working through the model, multiple phone calls regarding the Parties' divergent views of both law and fact, and months of settlement negotiations between experienced counsel. (Johnson Decl. ECF No. 81, ¶ 17.)

## 3. The settlement fund provides adequate relief for the settlement class and the proposed allocation method equitably divides the settlement funds.

The settlement allocation, attached as Exhibit A to the Parties' Settlement Agreement and Release, lists the amount of the Settlement Fund that each participating settlement Class Member will receive. (ECF No. 79-2.) The average

9

claim for a Rule 23 Class Member is $328.66. (Johnson Decl. ECF No. 81, ¶ 14.)
This is a substantial recovery in light of the type of claim and certainly a reasonable
amount given the risks in the case, including the risk that Plaintiff and Class
Members would receive nothing. (Johnson Decl. ECF No. 81, ¶ 18.)

The settlement allocation has been calculated in the most precise manner
possible. (Johnson Decl. ECF No. 81, ¶ 19.) First, Plaintiff's Counsel used SDX's
business records (payroll reports) to determine the number of hours between client
visits within the statutory periods and each Class Members' average hourly rate.
(Johnson Decl. ECF No. 81, ¶ 19.) With that information for each Class Member,
the Parties were able to calculate the value of each Class Member's potential
damages based on varying assumptions regarding what portion of the time between
visits was in fact compensable. (Johnson Decl. ECF No. 81, ¶ 20.) This process
directly mirrored the process by which damages would be calculated at trial.
(Johnson Decl. ECF No. 81, ¶ 21.) The total value of all Class Members' unpaid
wages was calculated, and then each Class Member was assigned his or her *pro rata*
percentage of the total value after each Class Member received a minimum $50.00
payment. (ECF No. 79-2; Johnson Decl. ECF No. 81, ¶ 22.) To calculate each Class
Member's share of the settlement funds, his/her individual *pro rata* percentage was
multiplied by the amount of each settlement fund, and divided into two checks
according to the agreed upon tax structure. (Johnson Decl. ECF No. 81, ¶ 23.) This
process results in the fairest allocation of the settlement funds as possible. (Johnson
Decl. ECF No. 81, ¶ 24.)

#### 4. The requested service payments are reasonable.

The Seventh Circuit recognizes that enhancement payments are appropriate in circumstances such as those presented by this case and look to the following relevant factors: actions plaintiff took to protect the class's interests, degree to which the class benefitted from those actions, and the amount of time and effort plaintiff expended in pursuing litigation. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). The proposed awards in this case are reasonable in comparison to awards approved by other courts in this Circuit, which range as high as $20,000 per named plaintiff. *See Berger v. Xerox Corp. Ret. Income Guar. Plan*, 2004 WL 287902 (S.D. Ill. Jan. 22, 2004). Through Plaintiff's actions, significant benefits have been achieved on behalf of all the Class Members.

The Settlement Agreement and Release provides that Plaintiff will receive an enhancement payment of $10,000.00 in recognition of her efforts as well as the benefit each Class Member derived from her individual efforts, particularly her extensive participation in the investigation leading up to the filing of the lawsuit, the information she provided about SDX's pay practices, her verification of SDX's pay practices and proposed damage calculations, and her participation in settlement discussions. (Johnson Decl. ECF No. 81, ¶ 25.) Enhancement payments are appropriate based on the following factors: actions taken by the plaintiff to protect the class' interests, benefits to the class based on the plaintiff's actions, and the time and effort expended by the plaintiff. *Cook*, 142 F.3d at 1016. The amount of the enhancement payment, which is 2.02% of the Settlement Fund, is reasonable and well within the range of similar service payments approved by courts in the

11

Eastern District. *See Johannsen v. Argon Industries*, E.D. Wis. Case No. 2:15-cv-01080-JPS, ECF No. 70 (July 15, 2016) (order approving enhancement awards totaling 10.45% of class fund with 6.8% going to the named plaintiff); *Johannsen v. Lyall Manufacturing*, E.D. Wis. Case No. 2:15-cv-00897-DEJ, ECF Nos. 45, 45-1 (September 12, 2016) (order approving FLSA settlement agreement with 10% of the class funds going to the named plaintiff); *Hernandez v. La Fuente Ltd.*, E.D. Wis. Case No. 2:13-cv-00366-RTR, ECF No. 102 (November 15, 2014) (order approving FLSA settlement agreement with enhancement payments totaling 6.1% of the class funds with 3.8% going to the named plaintiff); *McReynolds v. Merrill Lynch*, N.D. Ill. Case No. 1:05-cv-6583, ECF No. 616 (Dec. 6, 2013) (order approving class $250,000 service payment to each Class representative and $75,000 to each of the six members of the steering committee). Accordingly, the Parties submit that the enhancement payment is fair and reasonable under the circumstances and request the Court approve the proposed payments.

### 5. The requested attorneys' fees and costs are reasonable.

Attorneys' fees and costs are recoverable under the FLSA and state wage and hour statutes at issue in this litigation. *See* 29 U.S.C. § 216(b); Wis. Stat. § 109.03(6). Plaintiff's Counsel accepted the case on a 33.33% contingency basis, exclusive of costs, bearing the entire risk in the event that there was no recovery resulting from either a failure of proof at trial, or SDX's inability to satisfy a judgment. (Johnson Decl. ECF No. 81, ¶ 27.) When Plaintiff's Counsel accepted this case, it was unknown whether this matter could be resolved early in the litigation,

or if substantial motion practice and trial would be necessary. (Johnson Decl. ECF No. 81, ¶ 28.) Importantly, Plaintiff's Counsel would receive no payment for attorneys' fees or reimbursement for costs incurred if the litigation was unsuccessful. (Johnson Decl. ECF No. 81, ¶ 29.) The fee agreement in this matter is commonly used by Plaintiff's Counsel in similar lawsuits for unpaid minimum and overtime wages. (Johnson Decl. ECF No. 81, ¶ 30.)

The court should award attorneys' fees as a percentage of the total settlement because that arrangement, based on Plaintiff's Counsel's agreement with the Plaintiff, most closely replicates the market for the legal services provided. *See Webb v. Midwestern Wheels,* 15-cv-1538, ECF No. 40 (June 9, 2016)(order approving 33.33% contingency fee in multi-plaintiff FLSA settlement); *Adams, et al. v. Walgreen Co. d/b/a Walgreens*, 14-cv-1208-JPS, ECF No. 35 (July 15, 2015)(same); *Hernandez v. La Fuente, Ltd.*, 13-CV-366-RTR, ECF No. 102 (E.D. Wis. Oct. 15, 2014)(same); *Beierle et al. v BR Metal Technology*, 13-CV- 01280-CNC, ECF No. 40 (E.D. Wis. June 26, 2014)(same); *Trujillo et al., v. Saelens' Corp.*, 13-CV-1096-JPS, ECF No. 25, 37 (E.D. Wis. May 15, 2014)(same); *McKinney v. Med Group Transportation, LLC, et al.*, 13-CV-222-JPS, ECF Nos. 89, 90, 91, 92, (E.D. Wis. Feb. 7, 2014)(same); *Denk v. Pine Ridge Assisted Living et al.*, 3:11-cv-00210-wmc, ECF No. 83 (W.D. Wis. August 7, 2012)(same); *Kirchoff v. Flynn*, 786 F.2d 320, 324 (7th Cir. 1986) ("When the 'prevailing' method of compensating lawyers for 'similar services' is the contingent fee, then the contingent fee is the 'market rate'"); *Gilliam*

*v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452 (RLE), 2008 WL 782596, at *15 (S.D.N.Y. Mar. 24, 2008) (33.33% award consistent with norms of wage litigation).

Accordingly, Plaintiff's Counsel seeks one-third of the total value of the settlement as compensation for their fees. (ECF No. 79-1.) The total value of the settlement is $493,984.81, and 33.33% of that amount is $164,661.60. (Johnson Decl. ECF No. 81, ¶ 31.) The Settlement Agreement and Release provides for an Attorneys' fee of $164,661.60. An award of 33.33% falls within the normal percentage range of attorney fee awards approved by courts. *See* 4 Newberg on Class Actions § 14:6, p. 558 (4th ed.15 2002) (citing a 1996 Federal Judicial Center Study finding that fee awards in common fund class actions were between 20% and 40% of the gross monetary settlement). Plaintiff's Counsel faced significant risks in this litigation, based upon the strength of the legal and factual defenses asserted by SDX as well as the risks incident to obtaining satisfaction of any future judgment. (Johnson Decl. ECF No. 81, ¶ 32.)

As provided for in the Settlement Agreement, Plaintiff's Counsel will file with the Court a more detailed brief in support of their request for attorneys' fees twenty-one days prior to the Fairness Hearing so that the Court will be able to approve Plaintiff's Counsel's fees and costs at the Fairness Hearing.

II.    **Because the putative Rule 23 class satisfies the standards required by the courts, the Parties' FED.R.CIV.P. 23 class should be certified.**

    A.    **The putative class satisfies the implicit standard of definiteness required by Courts.**

14

In addition to the Fed. R. Civ. P. 23(a) and 23(b) standards, courts require that the implicit standards for certification be met. The proposed class definition must be definite – that is, ascertainable, precise and objective. *Blihovde v. St. Croix County*, 219 F.R.D. 607, 614 (W.D. Wis. 2003). Plaintiff must also be a member of the class he or she represents. The members of the Rule 23 Class are definite. The Parties have identified these individuals, have produced payroll records regarding them, and have calculated their potential damages. The class definition does not include any subjective criteria. The Class includes all employees who worked for SDX during a specific period in specific positions. Plaintiff is a member of the class she represents. Plaintiff is a former employee of SDX and was subject to the pay practices at issue in her Complaint.

**B. Plaintiff has satisfied the FED.R.CIV.P. 23(a) standards of numerosity, commonality and typicality and with her counsel will fairly and adequately protect the interest of the Rule 23 Class Members.**

**1. The Parties' proposed class satisfies the numerosity requirement of FED.R.CIV.P. 23(a).**

The Seventh Circuit has held that the numerosity requirement of Fed. R. Civ. P. 23(a) requires a showing that the number of members in the proposed class is so large as to make joinder impracticable. *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 663-64 (7th Cir. 2004). Based on information provided by SDX, there are approximately 961 members of Plaintiff's Rule 23 Class. (Johnson Decl. ECF No. 81, ¶ 33.)

**2. As all Class Members were subject to the same compensation practices, common questions of law and**

**fact predominate and therefore, satisfy the
commonality requirement.**

Rule 23(a) requires a finding that there are questions of fact or law which are common to the class. Fed. R. Civ. P. 23(a)(2). This requires plaintiffs to show that they have all suffered the same injury, a "common contention" such that resolving the common issue will resolve all of the included claims in a single stroke. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 2551 (2011) ("What matters to class certification . . . is not the raising of common 'questions' . . . but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." (internal citations omitted)); *J. Alexander's Rests., Inc.*, 277 F.R.D. 374 (N.D. Ill. 2011) ("[Plaintiff] has demonstrated that her claims . . . arise from a common nucleus of fact based upon standardized conduct and, therefore, has satisfied the commonality requirement of Rule 23(a)(2).").

Questions common to the Class Members include:

    i.    Whether SDX must pay for travel time between client visits;

    ii.    If travel time between client visits is compensable, what amount of time becomes compensable; and

    iii.    Whether SDX's failure to pay for travel time between client visits was unjust and dilatory, resulting in an aware of civil penalties.

The common questions of law and fact, as alleged in Plaintiff's Complaint, are sufficient to meet the Fed. R. Civ. P. 23(a)(2) standard as they arise from a common nucleus of operative fact, namely SDX's pay practices.

    **3.    Plaintiff's claims satisfy the typicality requirement as they are legally and factually similar to the Class Members' claims.**

16

The typicality requirement is closely related to the question of commonality. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and his or her claims are based on the same legal theory. *De La. Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "The typicality and commonality requirements of the Federal Rules ensure that only those plaintiffs . . . who can advance the same factual and legal arguments may be grouped together as a class." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). The typicality requirement, however, focuses only on whether the plaintiff's claim is based on the same legal theory and arises from the same course of conduct that gives rise to the claims of the other members of the proposed class. *Rosario*, 963 F.2d at 1018. Typicality focuses on the defendant's actions leading to the alleged violation and not on possible particularized defenses against certain individual class members. *Wagner v. Nutrasweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996).

Plaintiff is a member of the Rule 23 Class. The legal theories advanced by Plaintiff—that SDX allegedly improperly failed to pay her minimum, agreed upon, and overtime wages for the time she spent traveling between client locations — applied equally to Plaintiff and the Class Members she seeks to represent. Because Plaintiff's claims involve the same legal theories and arise from the same course of conduct that gives rise to the claims of the Class Members, the typicality element has been satisfied.

17

### 4. Plaintiff and her counsel will fairly and adequately protect the interests of the Rule 23 Class.

The final inquiry under Rule 23(a) consists of two parts: (1) the adequacy of Plaintiff's counsel; and (2) the adequacy of representation provided in protecting the different, separate and distinct interests of the Class Members. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993) (quoting *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986) (en banc)).

Hawks Quindel, S.C. seeks to represent the Class Members. Hawks Quindel, S.C., has served as class counsel in numerous similar wage and hour disputes in this Court, as well as the Western District of Wisconsin, and is experienced in handling complex wage and hour class actions. (Johnson Decl. ECF No. 81, ¶ 34.)

Further, Plaintiff does not have any antagonistic or conflicting interests with the Class Members she seeks to represent. Plaintiff alleges she has been injured by the same conduct as the Class Members she seeks to represent and seeks compensation on her own behalf and on behalf of the Class Members she seeks to represent for those injuries. Plaintiff has thus satisfied the requirements of Fed. R. Civ. P. 23(a).

### C. Plaintiff has satisfied the FED.R.CIV.P. 23(b) standards because common questions of law and fact predominate over any individualized inquiries and because judicial economy is enhanced by class treatment.

In addition to meeting the Fed. R. Civ. P. 23(a) standards, Plaintiff must satisfy one of the Fed. R. Civ. P. 23(b) standards. Where, as is the case in this matter, Plaintiff seeks monetary damages, the inquiry properly focuses on Fed.R.Civ.P. 23(b)(3). *Blihovde*, 219 F.R.D. at 619.

Under Fed. R. Civ. P. 23(b)(3), certification of the class is proper where questions of law or fact common to the entire class predominate over individual claims and a class action is superior to other methods for fair and efficient adjudication. Fed. R. Civ. P. 23(b)(3). The Seventh Circuit has summarized this standard by stating that, "class action treatment is appropriate and permitted by Rule 23 when judicial economy from the consolidation of separate claims outweighs any concern with possible inaccuracies from their being lumped together in a single proceeding for a decision by a single judge or jury." *Mejdrech v. Met-coil Sys. Corp.*, 319 F.3d 910, 911 (7th Cir. 2003).

### 1. Common questions of law or fact predominate.

The question to be answered here is whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Blihovde*, 219 F.R.D. at 620 (citing *Amchem Prods. v. Windsor*, 521 U.S. 591, 623 (1997)). When challenging a uniform policy, the validity of those policies predominate over individual issues and class certification is appropriate. *Id.* (citing *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 147 n.20 (1982)). Further, where a uniform policy is challenged, individual inquiries into the application of that policy to an individual within the class will not supplant predominance. *Id.*

Through this settlement, the Parties have resolved a dispute regarding SDX's pay policies, which Plaintiff alleges violated the law. Because the practices were uniformly applied to the Class Members, and because this settlement resolves the Parties' disputes over these practices, the common issues predominate in this matter, and the Fed. R. Civ. P. 23(b)(3) standards have been met.

19

### 2. Class resolution is the superior method of resolving these claims.

The final Fed. R. Civ. P. 23(b)(3) requirement, superiority, also has been met. In evaluating superiority, the Court considers (1) the interests of the class members in controlling the prosecution of their own claims; (2) the existence of other pending litigation related to the same controversy; (3) the desirability of concentrating the claims in one forum; and (4) the difficulty of managing the class. *Id.* The Parties are not aware of any other pending litigation regarding this controversy. (Johnson Decl. ECF No. 81, ¶ 35.)

The desirability of a class in this case is readily apparent by the size of the class represented and by the nature of the alleged violation. The challenged policy allegedly harmed each member of the putative class; however, the putative Class Members' individual interests in prosecuting these claims, in many cases, is small given the relatively small monetary value of each individual's claim. To the extent that any Class Member would prefer to litigate his/her claim separately, the class mechanism will provide him/her an opportunity to opt out of the Class and do so. Moreover, the size of each Class Member's claim is so small that individual adjudication of the claims is practically inefficient and unlikely.

Because a class is a superior method for resolving this dispute, Plaintiff requests that this FED. R. CIV. P. 23 class be certified.

### D. The Parties' proposed notice and manner of service are appropriate.

In order to protect the rights of absent members of a settlement class, the Court must provide the best notice practicable to all members. *Eisen v. Carlisle &*

20

*Jacquelin, 41*7 U.S. 156, 174-75 (1974). Such a notice should define the class, describe clearly the options open to the class members and deadlines for taking action, describe the terms of the proposed settlement, disclose any special benefits provided to class representatives, provide information regarding attorneys' fees, indicate the time and place of the fairness hearing, explain the procedure for distributing settlement funds, provide information that will enable the class members to calculate individual recoveries, and prominently display the address and telephone number of class counsel and the procedure for making inquiries. Manual for Complex Litigation at § 21.312.

The Class Notice, attached as Exhibit B to the Parties' Settlement Agreement and Release, meets each of the above criteria. (ECF 77-3.) Plaintiff's counsel will make all efforts to contact all Class Members to ensure they are aware of and able to participate in the settlement or to exclude themselves if they so choose.

## <u>CONCLUSION</u>

For the above stated reasons, the Parties jointly request that the Court accept the Parties' Joint Stipulation to certify the Plaintiff's Fed. Civ. P. 23 class. Further, because the settlement represents a fair and reasonable resolution of the Parties' disputes and because preliminary approval is the preferred method of administering such a settlement, the Parties respectfully request that the Court grant the Joint Motion for Preliminary Approval.

21

Respectfully submitted this 11th day of September, 2017.

**s/Sean S. Scullen**
Sean S. Scullen, SBN 1034221
sean.scullen@quarles.com
Christopher L. Nickels, SBN 1083481
christopher.nickels@quarles.com

**Quarles & Brady, LLP**
411 East Wisconsin Avenue, Suite 2350
Milwaukee, WI 53202
(414) 277-5000 (office)

**Attorneys for Defendant SDX Home Care Operations, LLC d/b/a Comfort Keepers**

**s/ Larry A. Johnson**
Summer H. Murshid, SBN 1075404
smurshid@hq-law.com
Larry A. Johnson, SBN 1056619
ljohnson@hq-law.com
Timothy P. Maynard, SBN 1080953
tmaynard@hq-law.com

**Hawks Quindel, S.C.**
222 E Erie Street, Suite 210
Milwaukee, WI 53202
(414) 271-8650 (office)
(414) 271-8442 (facsimile)

**Attorneys for Plaintiff**

22